# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-50465
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2026

Lyle W. Cayce
Clerk

Rosetta Spencer,

*Plaintiff—Appellant*,

*versus*

North Mountain Village, Limited; Winn Managed
Properties, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CV-286

———————————————————————

Before Davis, Richman, and Oldham, *Circuit Judges*.

Per Curiam:[*]

After her mother's apartment flooded, pro se Plaintiff-Appellant Rosetta Spencer sued the landlords, Defendants-Appellees North Mountain Village, Limited and Winn Managed Properties, L.L.C., for premises liability and negligence under Texas law. After Spencer amended her complaint as a matter of right, the district court dismissed her complaint without prejudice

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50465

because the parties were not diverse. But in an abundance of caution, it also granted Spencer leave to file a "final" amended complaint curing the jurisdictional defect.

Spencer did not dispute the district court's conclusion that diversity jurisdiction was lacking, so she timely filed a new amended complaint. Her new complaint relies on the same operative facts as before but omits the state-law claims. In their place is a generic conclusion that the landlords' conduct violated the Fair Housing Act (FHA). The district court dismissed this complaint with prejudice under federal Rule 12(b)(6) and Spencer now appeals, arguing her complaint states viable claims of disparate treatment and disparate impact under the FHA.[1] We review the district court's dismissal de novo.[2]

To state a claim of disparate treatment, a plaintiff must plausibly allege she is a member of an FHA-protected class, the defendant took an adverse housing-related action against her, and her protected characteristic was a significant motivating factor for the conduct.[3] For disparate impact, a plaintiff must identify a specific policy or practice by a defendant that disproportionately affects an FHA-protected class and a "robust" causal link between the challenged policy and the disparity.[4]

---

[1] The FHA prohibits discrimination in residential real-estate transactions on the basis of protected characteristics such as race, sex, national origin, and disability. *See* 42 U.S.C. §§ 3604–06, 3617; *see also id*. at § 3604(f) (requiring reasonable accommodations and accessibility requirements for disability claims).

[2] *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.* (*ICP II*), 920 F.3d 890, 899 (5th Cir. 2019).

[3] *See ICP II*, 920 F.3d at 910–11.

[4] *See id*. at 906–08; *see also Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 747 F.3d 275, 282 (*ICP I*) (5th Cir. 2014).

No. 25-50465

We agree with the district court that Spencer's complaint fails to state either type of claim under the FHA. Regarding disparate treatment, the complaint does not: assert that Spencer is a member of an FHA-protected class, identify any adverse housing-related action taken against her, or plausibly allege the landlords' conduct was motivated by class-based animus. As for disparate impact, the complaint presents no policy or practice at all, much less one with a disproportionate impact on a protected class of people.

Spencer argues the district court should have granted her leave to amend her complaint again before dismissing, a ruling we review for abuse of discretion.[5] The district court denied leave because Spencer's three proposed amendments were untimely, "purely conclusory, speculative, and devoid of any factual support." Spencer does not meaningfully dispute the district court's assessment so has forfeited the issue.[6] Regardless, we reviewed the proposed amendments and find that none states an FHA claim.

Spencer also contends she did not receive broad categories of court notices and party filings. The record disproves her contention as it shows the clerk of court and opposing parties forwarded materials to Spencer by certified mail. Spencer also does not identify any prejudice she sustained due to the unidentified omissions, which obviates the need for further review.[7]

Spencer finally claims the district court erred when it set aside her entry of default as premature and, on that basis, denied her motion for default

_____

[5] *Nix v. Major League Baseball*, 62 F.4th 920, 928, 935 (5th Cir. 2023).

[6] *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to address the district court's analysis and explain how it erred constitutes forfeiture).

[7] *See* 28 U.S.C. § 2111 (requiring us to disregard "errors or defects which do not affect the substantial rights of the parties").

No. 25-50465

judgment. But she does not address the district court's analysis or explain how it was wrong so has forfeited the issue.[8]

AFFIRMED.

_____

[8] *See Brinkmann*, 813 F.2d at 748.